**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JUAN RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:07-CV-00470 |
| | ) | |
| DAVOL INC. and C. R. BARD, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the 56th Judicial District Court in and for Galveston County, Texas, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with his Petition ("Complaint") filed in the 56th Judicial District Court in and for Galveston County, Texas, on or about August 9, 2007. Davol was served on September 11, 2007. Bard has not been served, but expressly joins in this Notice of Removal.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the 56th Judicial District Court in and for Galveston County, Texas, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 124(b)(1).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the 56th Judicial District Court in and for Galveston County, Texas, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks unspecified damages "in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show themselves [*sic*] justly entitled" (Compl. "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy

requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 8-18.) Plaintiff alleges that due to its allegedly defective nature the Composix® Kugel® hernia patch he received "had managed to become bent and out of shape and was [bound] to [Plaintiff's] intestines." (*Id*. ¶ 18.) As a result, Plaintiff alleges that he suffered abdominal pain with increasing intensity for years. (*See id*. ¶ 17.) Plaintiff further alleges that he "was [eventually] admitted and hospitalized in order to address these continued and worsening complications." (*Id*. ¶ 18.) Plaintiff claims that he "has suffered and will continue to suffer physical pain and mental anguish" (*id*. ¶ 19), and he also claims that he "has incurred substantial medical bills and . . . lost wages" (*id*. ¶ 20) as a result of his receipt and use of the Composix® Kugel® hernia repair patch.

8. The amount-in-controversy requirement is easily met here because the severity of the injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc*., 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g., Cavazos v. C.R. Bard,*

*Inc. and Davol Inc*., No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig*., 133 F. Supp. 2d at 296.

**B. The Parties Joined In This Action Are Completely Diverse.**

9. On information and belief, Plaintiff is a resident and citizen of Galveston, Texas. (*See* Compl. ¶ 5).

10. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

11. Bard is, and has been at all relevant times, a corporation organized under the law New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. See 28 U.S.C § 1332(c)(1).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the 56th Judicial District Court in and for Galveston County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: September 18, 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

/s/ D. Mitchell McFarland
D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
S.D. Tex. Bar No. 2379
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18TH day of September, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

Jason A. Itkin
1401 McKinney Street, Suite 2550
Houston, TX 77010
*Fax and/or Certified Mail (Return Receipt Requested)*

BY: /s/ D. Mitchell McFarland
D. Mitchell McFarland