NO 07CV0931

| | | |
|---|---|---|
| JUAN RAMOS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v | § | GALVESTON COUNTY, TEXAS |
| | § | |
| DAVOL, INC., and C.R. BARD, INC., | § | |
| | § | |
| Defendants | § | 56 JUDICIAL DISTRICT |

**Plaintiff's Original Complaint**

Juan Ramos ("Plaintiff" and/or "Mr Ramos") complains of Davol, Inc and C R Bard, Inc and would respectfully show the Court:

I.

**Nature of Action**

1 Plaintiff brings claims of negligence, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, strict product liability, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of implied warranty, failure to warn, constructive fraud, and misrepresentation by omission against Defendants

II.

**Jurisdiction and Venue**

2 Plaintiff's claims against Defendants arise under the common law of Texas

3 Venue is proper in Galveston County because the events giving rise to this suit occurred in Galveston County Further, venue is proper in Galveston because Defendants manufactured and advertised the subject Kugel Composix Hernia Patches in Galveston County, received substantial compensation and profits from sales of Kugel Composix Hernia Patches in

Galveston County, and made material omissions and misrepresentations and breached warranties in this Galveston County

III.

Discovery Level

4 Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure

IV.

Parties

5 Plaintiff Juan Ramos is a citizen and resident of Galveston, Galveston County, Texas

6. Defendant, Davol, Inc ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island DAVOL has its principal place of business in the State of Rhode Island It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island DAVOL may be served through its registered agent CT Corporation System, 10 Weybosset St., Providence, Rhode Island 02903

7 Defendant C R Bard, Inc ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island BARD may be served through its registered agent Mr Stephen J Long, 730 Central Avenue, Murray Hill, New Jersey 07974

V.

**Factual Allegations**

8 Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Mr Ramos' body

9 Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Mr Ramos' body

10 The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001 Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device

11 The Composix Kugel Patch hernia repair product implanted in Mr Ramos was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

12 An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices

13 On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

14 The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported

15 On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product

16 On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product

17 Mr Ramos began suffering abdominal pain over the next few years which increased in intensity the longer the defective Kugel Hernia Patch was implanted

18 Finally, Mr Ramos' physicians determined that the Kugel Patch had managed to become bent and out of shape and was binding Mr Ramos intestines Mr Ramos was admitted and hospitalized in order to address these continued and worsening complications

19 Mr Ramos has suffered and will continue to suffer physical pain and mental anguish

20 Mr Ramos has incurred substantial medical bills and Mr Ramos has lost wages.

21 DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product

22 Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements

23 Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

24 Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch

25 Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

26. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates

VI

**Causes of Action**

**Negligence**

27 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28 Defendants DAVOL and BARD were negligent to Mr Ramos in the following respects:

29 DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch

30. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users

31 DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended

32 DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Ms WILKINS

33 Defendants DAVOL and BARD owed a duty to Mr Ramos to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients

34 Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch

35 As a direct and proximate result of the duties breached, the Composix Kugel Patch used in Mr Ramos' hernia repair surgery failed, resulting in Mr Ramos suffering pain and harm

36 As a direct and proximate result of DAVOL's and BARD's negligence, Mr Ramos has suffered injuries and damages

37 DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**Violation of the Texas Deceptive Trade Practices-Consumer Protection Act**

38 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

39 Defendants DAVOL and BARD engaged in unfair and deceptive trading practices with Mr Ramos in the following respects:

40 Defendants DAVOL and BARD are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Composix Kugel Patch for hernia repair surgery

41 Defendants DAVOL and BARD knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production marketing, promotion, advertising, distribution and/or sale of the Composix Kugel Patch for hernia repair surgery

42 Defendants DAVOL and BARD knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Composix Kugel Patch for hernia repair surgery

43 While Defendants DAVOL and BARD knew or reasonably should have known that some Composix Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Composix Kugel Patch for hernia repair surgery, specifically that

the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients

44 DAVOL and BARD did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall In fact, Defendants intentionally withheld information from the FDA

45 DAVOL and BARD did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall

46 DAVOL and BARD failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

47 DAVOL's and BARD's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

48 DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**Strict Product Liability**

49 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

50 Defendants DAVOL and BARD are strictly liable to Mr Ramos in the following respects:

51 DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery

52 The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Mr Ramos' Composix Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, which was painful and unnecessary

53 At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

54 The Composix Kugel Patch implanted into Mr Ramos was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

55 The Composix Kugel Patches, like the one found in Mr Ramos, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Mr Ramos as follows:

i The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii The Composix Kugel Patch as designed and manufactured was unsafe to Mr Ramos;

iii The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Mr Ramos;

iv The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Mr Ramos, would expect;

v The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery; and

x Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery

56. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**<u>Negligent Infliction of Emotional Distress</u>**

57 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

58 Defendants DAVOL and BARD are liable to Mr Ramos for the negligent infliction of emotional distress in the following respect:

59 Mr Ramos suffered severe emotional distress, which was as a result of Defendants' negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery

60 Mr Ramos suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery

61 Therefore, DAVOL and BARD are liable to Mr Ramos.

62 DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**Intentional Infliction of Emotional Distress**

63 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

64 Defendants DAVOL and BARD are liable to Mr Ramos for the intentional infliction of emotional distress in the following respect:

65. Mr Ramos suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery

66 Mr Ramos suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Mr. Ramos.

67 Therefore, DAVOL and BARD are liable to Mr Ramos

68 DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from

the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**Breach of Implied Warranty**

69 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

70 Defendants DAVOL and BARD are liable to Mr Ramos for their breach of implied warranty in the following respect:

71 DAVOL and BARD sold the Kugel Patch which was implanted in Mr Ramos DAVOL and BARD impliedly warranted to Mr Ramos, his physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

72. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair

73 Mr Ramos, his physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use

74 When the Composix Kugel Patches was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user

75 Mr Ramos suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions

Wherefore, Mr Ramos requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid. for court costs and for other such relief this Court deems just and appropriate

**Failure to Warn**

76. Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

77 In the course of business, DAVOL and BARD designed. manufactured and sold the Composix Kugel Patch for hernia repair surgeries

78 At the time of the design, manufacture and sale of the Composix Kugel Patch. and more specifically at the time Mr Ramos received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch

79. BARD and DAVOL failed to provide any warnings. labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not

limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries

80. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor At the time Mr Ramos had his hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

81 Mr Ramos did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches

82 Mr Ramos suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn

83 The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

Wherefore, Mr Ramos respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

**Constructive Fraud**

84 Mr. Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

85 Defendants, while in possession of unique and pertinent information involving the safety and mechanical reliability of its Kugel Composix Hernia Patches, presented its Kugel Composix Hernia Patches as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendants suppressed this information and continued sales and marketing of its product to the general public. Defendants knew or should have known Plaintiff had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information

86 Through their unique knowledge and expertise regarding the affected nature of the Kugel Composix Hernia Patches, and through their statements to physicians and their patients in advertisement, promotional materials, and other communications. Defendants professed and affirmed to Mr Ramos their knowledge of the truth of the representation that the Kugel Composix Hernia Patches were safe for their intended use and were free from design and/or manufacturing defects.

87. Defendants' misrepresentations and omissions were made intentionally to induce Mr Ramos to purchase Defendants' Kugel Composix Hernia Patches, in order to reap the high profit margin relating to the Kugel Composix Hernia Patches.

88 Defendant's conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff Misled by this veil of fraud, Mr Ramos reasonably relied on Defendant's representations

Wherefore, Mr Ramos respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs

**Misrepresentation by Omission**

89 Mr Ramos re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein

90. Defendants misrepresented the mechanical soundness and reliability of the Kugel Composix Hernia Patches to the general public through promotional and marketing campaigns Defendants continued this misrepresentation for an extended period of time, without disclosing material information regarding the defective, hazardous, and harmful complications relating to the Kugel Composix Hernia Patches

91 Defendants took advantage of the limited ability Mr Ramos had to discover Defendants' strategic and intentional concealment of the defects in their Kugel Composix Hernia Patches

92 Defendants concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure relating to the Kugel Composix Hernia Patches, and presenting the devices as sound and reliable

93 Defendants' intentional misrepresentations and omissions were made willfully, wantonly or recklessly to Mr Ramos, the public at large, and Mr Ramos' surgeons to induce the purchase of Defendants' Kugel Composix Hernia Patch over other hernia mesh repair systems on the market

94 Defendants knew or should have known of the high risk Mr Ramos would encounter by unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured Kugel Composix Hernia Patches

## VII.

## Jury Demand

95 Plaintiff hereby demands a trial by jury

## VIII

## Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against said Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show themselves justly entitled

**Dated: August 9, 2007**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason Itkin*

Jason A Itkin
State Bar No. 24032461
Southern District of Texas No 33053
ARNOLD & ITKIN LLP
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**Attorney-in-Charge for Plaintiff**

**OF COUNSEL:**

Michael E. Pierce
State Bar No. 24039117
Southern District of Texas No.
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850